MERCEDES CABANILLAS, Plaintiff, Cross-Defendant and Appellee, *v.* JOSÉ R. GELPÍ, Defendant, Counterclaimant and Appellant.

No. 8511.  Argued January 14, 1943.—Decided January 22, 1943.

*Pedro Baigés Gómez* and *José Rosario Gelpí* for appellant. *José Sabater* for appellee.

Mr. Justice Todd, Jr., delivered the opinion of the court.

The lower court sustained the complaint and dismissed the cross complaint in the present case by virtue of a motion filed by the plaintiff praying for judgment on the pleadings. The complaint is an ordinary one of denial of a servitude of right of way. In his answer the defendant admitted that the property of the plaintiff does not appear "from the entries of the record thereof as subject to a servitude" but in opposition to the allegation that said property is not subject to a servitude, he alleged "that when the plaintiff acquired said property there existed apparent and visible to the plaintiff, a servitude of right of way," which he describes, and which was closed by the plaintiff on June 1941, "this being the only interruption in the use of the road from time immemorial and prior to 1889 on which date it began to be used and has continued to be used until the present time." And in the fifth count of the answer he alleged: "That said road is and has been from time immemorial and prior to the time when the Spanish Civil Code of 1890 became effective in Puerto Rico, a servitude of right of way in favor of the property" of the defendant. This same allegation was repeated in the sixth and seventh counts of the answer, it being further alleged as follows: "That the former owners of

plaintiff's property and plaintiff herself, have respected that servitude of way or road in favor of defendant's property until June 11, 1941, . . . the transportation and traffic along that road having been uninterrupted, quiet and peaceful, until said date, when the plaintiff prohibited the use of said road." Defendant further alleged that the road in question divided and separated the property presently owned by the plaintiff into two parcels from time immemorial and prior to the effective date of the Spanish Civil Code of 1890.

Notwithstanding these allegations contained in defendant's answer, the lower court, in the opinion which it rendered in support of its judgment on the pleadings, after citing the decisions of this court in *Cividanes* v. *Amorós Hermanos*, 8 P.R.R. 558; *Albarrán* v. *Paz et al.*, 18 P.R.R. 933; *Torres et al.* v. *Plazuela Sugar Co.*, 24 P.R.R. 451; *Nogueras* v. *Fernández et al.*, 25 P.R.R. 108; *Villodas* v. *A. Hartmann & Co. et al.*, 28 P.R.R. 737; *Nadal* v. *Muratti*, 34 P.R.R. 244 and *Miner* v. *Irizarry*, 52 P.R.R. 197, reached the following conclusions:

"*First:* That since the defendant and counterclaimant admitted that the property of the plaintiff and cross-defendant is not subject to the servitude of right of way in favor of the property of the defendant and counterclaimant and that the defendant has not acquired said servitude by virtue of a contract between the parties and by adequate compensation, he has no title, right, or interest in using the road which crosses the property of the plaintiff and cross-defendant.

"*Second:* That the defense of the defendant and the counterclaimant in the sense that he has acquired the servitude of right of way across plaintiff's property by use from time immemorial, is now untenable after the promulgation of the Spanish Civil Code approved by Royal Decree of July 1, 1889, abolishing that mode of acquiring servitudes of right of way.

"*Third:* That the defendant and counterclaimant have not set up a meritorious or lawful defense which might require a trial in this case, but on the contrary the court believes that to provide for a trial of the present case would operate as a delay in the administration of justice and cause unnecessary expense to the parties."

Upon referring to the defense set up by the defendant, the court further stated:

"According to the defense set up by the defendant in the present case in order to acquire the servitude of right of way across plaintiff's property, it should have been alleged that said road has been in use prior to 1850, and as plaintiff properly alleges, the witnesses who would be called to testify on this point would now be 92 years of age and would also need a reasonable additional time to testify that they saw the road being used, and therefore they would necessarily have to be over 100 years of age."

We are of the opinion that, according to the averments of defendant's answer, the conclusions reached by the lower court are entirely erroneous and that the argument of plaintiff's attorney in connection with the age that some of defendant's witnesses would have to be to prove the case, which was adopted by said court, lacks all legal force and merit necessary for rendering a judgment on the pleadings.

The first and third conclusions of the trial court completely ignored, as did plaintiff's attorney in his action, the averments of the answer which we cited above, and, as stated in the case of *Goyco et al.* v. *Royal Bank of Canada,* 37 P.R.R. 341: "After an issue raised by an answer the defendants are entitled to a trial on the facts not admitted. A judgment on the only issues involved rendered without a trial is absolutely void. Section 195 *et seq.,* Code of Civil Procedure and (citations). The lower court had no discretion to determine as it did, that: "To provide for a trial in the present case would operate as a delay in the administration of justice and cause unnecessary expense to the parties." On the contrary, by thus acting it deprived the defendant of his right to prove his allegations and in fact has delayed the administration of justice.

As to the second conclusion reached by the lower court, from a slight examination of the cases cited by the court, it appears that they were all decided on the evidence introduced by the parties and not on the pleadings. In

everyone of them it was held that the defendant had not proved that the servitude existed from time immemorial. It was not decided, with the scope which the lower court erroneously attached to said decisions, that at present an allegation that the servitude of right of way was acquired by the use from time immemorial, prior to the promulgation of the Spanish Civil Code of 1889, is untenable. It depends on whether or not that allegation is proved at the trial. We have expressly held this in *Giervolini* v. *Sucn. Rodríguez,* 23 P.R.R. 808; *Nido & Co.* v. *Albir Alicea,* 27 P.R.R. 32, and *Cayey-Caguas Tobacco Co.* v. *Ramírez et al.,* 27 P.R.R. 609.

In the case of Nido & Co., *supra,* it was said: ''The appellants admit that this case is governed by the laws in force prior to the adoption of the Civil Code, and according to those laws it is *very clear that the defendant could plead immemorial use of the road in order to prove his right of way.''* (Italics ours.)

And in the case of *Cayey-Caguas Tobacco Co., supra,* the improper application of the doctrine of prescription by possession from time immemorial was expressly alleged as error and we held as follows:

''Section 1939 of the former code expressly provided that 'prescription which began to run before the publication of this code shall be governed by the prior laws,' and this was intended to cover all essential changes affecting the subject-matter in substances as well as in the matter of time. 12 Manresa 767; 81 *Jur. Civ.* 73.

''* * * * * * *

''Among the transitory provisions of the Spanish Civil Code (sec. 1976) the first is to the effect that—

'' 'Rights arising under the legislation prior to this code, out of matters carried out under its rules, shall be governed by said prior legislation, even if the code should regulate them in another manner, or does not recognize the same. . . .'

''In disposing of a case quite similar to the one at bar the Supreme Court of Spain, in 1898, 83 *Jur. Civ.* 486, held, to quote the syllabus:

'' 'That according to Law XV, Title XXXI, *Partida* Third, for the prescription of discontinuous servitudes, it is necessary that they

should have been used from time whereof the memory of man runneth not to the contrary, which is what gives them their immemorial character.

" 'That a right existing at the time of the publication of the Civil Code being involved, Transitory Rule No. 1 of that code is applicable, and such application does not violence to section 1939.' "

█ The lower court committed manifest error in rendering judgment on the pleadings sustaining the complaint. It also committed error in dismissing the cross complaint, because a cause of action is alleged therein based on §500 of the Civil Code (1930 ed.), the dismissal of which did not lie on the motion for a judgment on the pleadings.

For the reasons stated the judgment appealed from must be reversed and the case remanded to the lower court for further proceedings not inconsistent with this opinion.